

*CONN/NHct*
*02-cr-162*
*Underhill*

**MANDATE**

FILED

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
2005 JUL -1 P 1: 18

**SUMMARY ORDER**

U.S. DISTRICT COURT
NEW HAVEN CT

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS
OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS
OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A
RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL
OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the
**16** day of September, two thousand four.

Present:     HON. THOMAS J. MESKILL,
             HON. ROGER J. MINER,
             HON. ROBERT A. KATZMANN,
                         *Circuit Judges.*



UNITED STATES OF AMERICA,

                         *Appellee,*

                                              No. 03-1148

             - v -

HECTOR SANTIAGO,

                         *Defendant-Appellant.*

---

Appearing for Appellee:                ROBERT M. SPECTOR, Assistant United
                                       States Attorney *for* Kevin J. O'Connor,
                                       United States Attorney for the District of
                                       Connecticut (Jeffrey A. Meyer, *of counsel*),
                                       Hartford, CT

Appearing for Defendant-Appellant:     DAVID SAMEL, New York, NY

-1-

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Hector Santiago, who was convicted for violation of 18 U.S.C. § 922(g), possession of a firearm by a felon, challenges the statute under which he was convicted as exceeding Congressional authority under the Commerce Clause and argues that he was denied his constitutional rights to due process and confrontation by the introduction of hearsay testimony and by the district court's charge to the jury on constructive possession. The parties' familiarity with the facts and the law is assumed.

On appeal, we review *de novo* a constitutional challenge to the validity of a federal statute. *See United States v. Pettus*, 303 F.3d 480, 483 (2d Cir. 2002). We evaluate for abuse of discretion the district court's evidentiary rulings, *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004) (per curiam), and "[u]nless a district court's determination of relevance is arbitrary or irrational, it will not be overturned," *id.* (internal quotation marks omitted). Furthermore, in cases where evidence was admitted erroneously, "[t]his Court will order a new trial only if the introduction of inadmissible evidence was a clear abuse of discretion and was so clearly prejudicial to the outcome of the trial that we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Parker v. Reda*, 327 F.3d 211, 213 (2d Cir. 2003) (per curiam) (internal quotation marks omitted). Finally, "[w]e review a district court's jury instructions *de novo*." *Cweklinsky v. Mobil Chemical Co.*, 364 F.3d 68, 73 (2d Cir. 2004). We deem "[a] jury instruction . . . erroneous if it misleads the jury as to the

-2-

correct legal standard or does not adequately inform the jury on the law." *United States v. Pimentel*, 346 F.3d 285, 301 (2d Cir. 2003) (internal quotation marks omitted).  However, "[e]ven if a jury instruction is erroneous . . . we will vacate a criminal conviction only if the error was prejudicial and not simply harmless.  Such error is harmless only if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* at 301-02 (citations and internal quotation marks omitted).

Santiago first argues that, under the Supreme Court's Commerce Clause decisions in *United States v. Morrison*, 529 U.S. 598 (2000), *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995), the "felon in possession" statute, 18 U.S.C. § 922(g), lacks a sufficient relation to interstate commerce to fall within Congress' authority to regulate.  This Circuit's precedent, as articulated most recently in *United States v. Gaines*, 295 F.3d 293, 302 (2d Cir. 2002), forecloses this line of reasoning.  According to *Gaines*, "only a minimal nexus with interstate commerce is necessary under § 922(g)." *Id.*  The government has amply demonstrated such a nexus in this case, as the trial evidence established that "the firearm at issue . . . was manufactured in Spain and imported into the United States through New Jersey."

Santiago also claims that the district court abused its discretion in deciding to permit Officer Feola to testify that Officer Uliano had reported that the defendant had a gun when Officer Uliano radioed for backup because the testimony constituted hearsay.  Under Rule 802 of the Federal Rules of Evidence, hearsay is generally inadmissible. FED. R. EVID. 802.  The Rules define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c).  The government contends that the information was offered to allow the jury to understand why

Officer Feola had responded to the radio call in the manner that he did, and not for the truth of the matter asserted. Although a court may allow introduction of an out-of-court statement to "show[ ] an investigating agent's state of mind," we have previously stated that "[t]he government's identification of a relevant non-hearsay use for . . . evidence . . . is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice." *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995) (internal quotation marks omitted). Here, the court issued a limiting instruction specifying that the jury should not consider Officer Feola's testimony for the truth of the underlying assertion by Officer Uliano. But even assuming, *arguendo*, that the district court abused its discretion in admitting Officer Feola's report of Officer Uliano's radioed statement about the gun, "we will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless." *United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003). Here, any erroneous admission of Officer Feola's testimony was harmless because the same information had already been introduced without any objection from the defense – first, by Officer Uliano himself, who testified that he had seen Santiago throw down a gun, and again, by Officer Ronan, who testified that he had heard Uliano call out that the suspect had thrown a gun.

Santiago's final argument is that the district court erred in instructing the jury by including language suggesting that he could be guilty if they determined that he had constructively, rather than actually, possessed the gun. It is undisputed that the prosecution did not present a theory of constructive possession to the jury, but only one of actual possession.

The district court's instruction on the element of possession stated:

> The second element that the government must prove beyond a reasonable

doubt is that on our about the date set forth in the indictment Hector Santiago knowingly possessed a firearm.

. . .

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant had actual possession of the firearm, even if you also find that he relinquished physical possession of the firearm by discarding the weapon, you may find that the government has proven possession.

To satisfy this element, you must also find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposefully and voluntarily, and not by accident or mistake. Knowing possession may be inferred in some circumstances from the defendant's control of the area in which the firearm is found. It also means that he knew that the weapon was a firearm, as we commonly use that word. However, the government is not required to prove that the defendant knew that he was breaking the law.

The sentences to which Santiago objects are those asserting that the defendant must not necessarily hold the firearm physically, "that is, have actual possession of it," but rather that, "[a]s long as the firearm is within the defendant's control, he possesses it." A charge of actual possession "requires the government to show defendant physically possessed the firearm," whereas "constructive possession[ ] exists when a person has the power and intention to exercise dominion and control over an object, [which] may be shown by direct or circumstantial evidence." *Gaines*, 295 F.3d at 300 (internal quotation marks omitted; second alteration in original). The instruction that the district court provided appears to conflate actual and constructive possession, and, by stating that the jury need not find that the defendant had "actual possession," suggests that another kind of possession, such as constructive possession, would be sufficient. We must, however, read the potentially objectionable passages in the context of the jury instruction as a whole. *See United States v. Schultz*, 333 F.3d 393, 413-14  (2d Cir. 2003)

("We do not review a jury instruction to determine whether it precisely quotes language suggested by Supreme or Appellate Court precedent. Instead, we review the court's instructions to determine whether considered as a whole, [the instructions] adequately communicated [the essential] ideas to the jury.") (alteration in original) (citations and internal quotation marks omitted). The most important sentence in this regard immediately follows those sentences Santiago claims were improper, and reads: "If you find that the defendant had actual possession of the firearm, even if you also find that he relinquished physical possession of the firearm by discarding the weapon, you may find that the government has proven possession." Taken together, these statements did not generate a substantial risk that the jury would be confused as to the standard applicable to actual possession or encouraged to imagine scenarios under which Santiago might be guilty of constructive possession.

For these reasons, the judgment of the district court is therefore **AFFIRMED**.

At oral argument, Santiago raised concerns about his sentence in light of *Blakely v. Washington*, --- U.S. ---, 124 S.Ct. 2531 (2004). Accordingly, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04-104, __ S.Ct. __, 2004 WL 1713654, 2004 U.S. LEXIS 4788 (Aug. 2, 2004), and *United States v. Fanfan*, No. 04-105, __ S.Ct. __, 2004 WL 1713655, 2004 U.S. LEXIS 4789 (Aug. 2, 2004) (mem.). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address Santiago's sentence until after the Supreme Court's decision in *Booker* and

-6-

*Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's

decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

FOR THE COURT:
ROSEANN B. MacKECHNIE, CLERK

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Ralph Abrams*

CONN/NHct
02-cr-162
Underhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 16 day of September, two thousand four.

Present:     HON. THOMAS J. MESKILL,
             HON. ROGER J. MINER,
             HON. ROBERT A. KATZMANN,
                         *Circuit Judges.*



UNITED STATES OF AMERICA,

                         *Appellee,*

                                              No. 03-1148

             - v -

HECTOR SANTIAGO,

                         *Defendant-Appellant.*

U.S. DISTRICT COURT
NEW HAVEN, CT
2005 JUL -1 P 1:18
FILED

Appearing for Appellee:          ROBERT M. SPECTOR, Assistant United States Attorney *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut (Jeffrey A. Meyer, *of counsel*), Hartford, CT

Appearing for Defendant-Appellant:          DAVID SAMEL, New York, NY

THE MANDATE, CONSISTING OF ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
(X) ORDER
RECEIVED BY:_____DATE_____

-1-