UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:02cr162(SRU) |
| | : | |
| v. | : | |
| | : | October 11, 2005 |
| HECTOR SANTIAGO | : | |

**MOTION FOR POST-*CROSBY* PROCEEDINGS ON REMAND**

The Government respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

**I. Procedural History**

On June 4, 2002, a federal grand jury returned a one-count indictment charging the defendant, Hector Santiago, with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 1, 2002, a trial jury found the defendant guilty of the offense charged. On March 3, 2003, this Court sentenced the defendant to 96 months' imprisonment and three years' supervised release. On March 5, 2003, the defendant filed a timely notice of appeal.

On September 16, 2004, the United States Court of Appeals for the Second Circuit affirmed the defendant's judgment of conviction by summary order. Although the defendant did not challenge his sentence in his direct appeal, at oral argument he claimed that the Supreme Court's decision *Blakely v. Washington*, 124 S. Ct. 2531 (2004), could impact the validity of his sentence. On September 20, 2005, the defendant filed a motion with the Second Circuit to recall the mandate and remand the case for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The Government did not object to this motion. On October 3, 2005, the Second Circuit granted the motion and remanded the case to the district

Case 3:02-cr-00162-SRU    Document 47    Filed 10/11/2005    Page 2 of 6

court for re-sentencing.

## II. Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 2005 WL 50108, at *16. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at *24.

The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, No. 03-1675, slip op. at 24-25 (2d Cir. Feb. 2, 2005) (emphasis added).

2

When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* at 25. Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Id.*

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, slip op. at 34. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, *under the circumstances existing at the time of the original sentence*, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id.*, slip op. at 34-35. "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant . . . ." *Id.*, slip op. at 40. The defendant should, however, have an "opportunity . . . to avoid resentencing by promptly notifying the district judge that resentencing will not be sought." *Id.*, slip op. at 37. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or

vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.*

In light of *Crosby*, then, the Government respectfully requests that the Court proceed as follows:

(1) Invite written submissions from the parties regarding the initial question of whether the court should have imposed a nontrivially different sentence if it had understood sentencing law as subsequently explained by the Supreme Court in *Booker*;

(2) Determine whether the Court would have imposed a nontrivially different sentence, in light of the advisory guidelines range and the other factors set forth in 18 U.S.C. § 3553(a); if not, the Court should place on the record an "appropriate explanation" for such decision; and

(3) If the Court determines that resentencing is necessary, it should vacate the sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43) and in light of the principles set forth in the Sentencing Reform Act, as well as *Booker* and *Crosby*.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


By:   EDWARD T. KANG
       ASSISTANT U.S. ATTORNEY


For:  ROBERT M. SPECTOR
       ASSISTANT U.S. ATTORNEY
       Federal Bar No. CT 18082
       450 Main Street
       Hartford, CT 06106
       Tel.: (860) 947-1101
       Fax: (203) 773-5376
       Robert.Spector@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2005, a true and correct copy of the foregoing Motion was served by first-class mail upon defense counsel:

Mr. David Samel, Esq.
150 Broadway - 20th Floor
New York, NY 10038

       _____
       By:  Edward T. Kang
            Assistant U.S. Attorney

            Robert M. Spector
            Assistant U.S. Attorney