# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

HECTOR SANTIAGO,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL ACTION NO.
3:06cv1969 (SRU)

## ORDER

On October 1, 2002, a jury found petitioner Hector Santiago guilty of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). I sentenced Santiago to ninety-six months of incarceration, which represented a downward departure from the Sentencing Guidelines. Santiago appealed his conviction and, on September 16, 2004, the Second Circuit affirmed. On September 20, 2005, Santiago moved the Second Circuit to remand his case for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On October 3, 2005, the Second Circuit granted the motion and remanded Santiago's case to this court for re-sentencing in light of *United States v. Booker* and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Both parties subsequently submitted sentencing memoranda, and on December 8, 2005, I issued a written decision imposing the same ninety-six month sentence. Santiago failed to appeal my decision on remand.

On December 6, 2006, Santiago filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Santiago argues that his counsel was ineffective because he failed to timely file a notice of appeal following my decision on remand. In his motion, he seeks reinstatement of his right to appeal my decision on remand reimposing his ninety-six month sentence. The government does not oppose Santiago's motion.

Accordingly, Santiago's motion **(doc. # 1)** is **GRANTED**. The December 8, 2005 decision and order declining to resentence Santiago is hereby **VACATED** and **REISSUED**. Santiago has ten days from today within which to file a notice of appeal. FED. R. APP. P. 4.

Although he has not filed a formal motion, Santiago, in his reply, also requests appointment of counsel. To the extent that he has moved this court to appoint counsel, that motion is denied without prejudice to Santiago's filing with the Second Circuit a motion to appoint counsel in the first instance. I note that Santiago has previously qualified to proceed in forma pauperis in both District Court and in the Second Circuit Court of Appeals, and has also been represented by CJA counsel before both courts.

The clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of April 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge