# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     Criminal No. 3:02CR162 (SRU) |
| HECTOR SANTIAGO | : |

## DECISION AND ORDER

A jury convicted Hector Santiago of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 3, 2003, after downwardly departing from the Sentencing Guidelines under section 4A1.3, I sentenced Santiago principally to a term of imprisonment of 96 months, followed by a period of supervised release of three years. Santiago appealed. The Court of Appeals affirmed the conviction, but granted Santiago's motion for a "*Crosby* remand" for re-sentencing. Thus, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), I am required to determine whether to re-sentence Santiago.

The *Crosby* decision requires me to consider whether I would have imposed "a materially different sentence, under circumstances existing at the time of the original sentence, if [I] had discharged [my] obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Crosby*, 397 F.3d at 117. In short, treating the Sentencing Guidelines as advisory and after considering all the factors listed in 18 U.S.C. § 3553(a), if I would have imposed essentially the same sentence, then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless. Conversely, if I would have imposed a non-trivially different sentence, then a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure would be required.

I have reviewed Santiago's Presentence Report, the transcript of his sentencing on March 3, 2003, the government's memorandum in aid of sentencing dated November 1, 2005 (doc. # 50), and Santiago's memorandum in aid of sentencing dated November 28, 2005 (doc. # 53). I have treated the Sentencing Guidelines as advisory and have considered each of the factors set forth in 18 U.S.C. § 3553(a). For the reasons set forth below, I conclude that I would not have sentenced Santiago to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his sentencing.

Santiago makes two principal arguments. First, Santiago argues that he would have been treated much more leniently in the state courts, where he was originally charged, so the need to avoid disparity in sentencing counsels in favor of a shorter sentence. Second, he argues that his two prior convictions for controlled substance offenses involved small quantities and were very close in time so the operation of Guideline section 2K2.1(a)(2) overstates the seriousness of his offense conduct, not just the seriousness of his past criminal conduct. I do not find these arguments convincing.

Santiago is no doubt correct that he would have received a much more lenient sentence in Connecticut Superior Court. He was offered a plea deal that would have resulted in a three-year sentence, and the maximum sentence he could have received under state law was five years. Nevertheless, the disparity in sentences among the federal courts and the courts of the various states is not the disparity that the Sentencing Guidelines and 18 U.S.C. § 3553(a) sought to address. If the federal courts sought to reduce disparity in sentencing with the local state courts, then sentencing disparity within the federal system would be increased; federal courts in states with strict sentencing regimes would impose stiffer sentences than federal courts in states with

more lenient regimes.  Both the Sentencing Guidelines and section 3553(a) seek to reduce sentencing disparity among federal courts.  Although Santiago received a harsher sentence in federal court than he would have in state court, that outcome results from the exercise of prosecutorial discretion, not from any unfairness in the way he was treated in the federal system.

Santiago may also be correct when he argues that he received the higher offense level called for by Sentencing Guideline section 2K2.1(a)(2) as a result of less serious conduct than many others sentenced under that provision.  The short answer is that any unfairness inherent in that calculation has already been addressed by my downward departure under section 4A1.3.  As I noted at the time of Santiago's sentencing, Santiago has a very long history of prior arrests and convictions.  Indeed, the prosecutor argued that a criminal history score of six actually understated the seriousness of his past criminal conduct.  When departing horizontally under section 4A1.3, I did not stop at category five, but departed to a level four.  In doing so, I compensated somewhat for the fact that the two underlying convictions for controlled substance offenses were not especially serious by departing one level further than I otherwise would have.

In sum, although the Sentencing Guidelines were mandatory at the time of Santiago's sentencing, I was able to depart from the Sentencing Guidelines range to a sentence that I believe properly reflects all of the factors set forth in section 3553(a).  Santiago was convicted by a jury of a serious offense; he illegally possessed a weapon that had a hollow-point bullet in the chamber and was cocked and ready to fire.  He has an extensive criminal record and has therefore had a number of opportunities to conform his conduct to the law following punishment.  There is a significant need to deter both Santiago and others like him from possession of firearms.  The facts weighing in Santiago's favor, including his employment history, family circumstances, and

the effect of his drug addiction, have been taken into account in crafting the sentence initially imposed.

Because I would not have sentenced Santiago to a non-trivially different sentence even under an advisory Sentencing Guidelines regime, I will not order re-sentencing of Santiago on remand.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of April 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge